Michael J. ALLEY, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 00–3365.

United States Court of Appeals, Federal Circuit.

May 10, 2001.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

Michael J. Alley seeks review of the June 15, 2000, decision of the Merit Systems Protection Board, MSPB Docket No. PH0752990428–I–1, which dismissed his appeal as settled. We *affirm*.

Alley was a custodial laborer for the United States Postal Service's Lehigh Valley Processing and Distribution Center in Pennsylvania. He entered into a Last Chance Settlement Agreement (LCSA) in which a pending removal action was dropped in return for his agreement to have no more than three unscheduled absences during any six month period as well as no absences without official leave. He also agreed to waive the right to appeal in any forum, including the Merit Systems Protection Board. Within three months of the LCSA, he was late for work four times and had four full days of unscheduled absences. The Postal Service removed him effective September 4, 1999.

Alley filed an appeal with the board. Because he had waived his right to appeal for violating the LCSA, the administrative judge issued a show cause order. On November 12, 1999, he asked the board to withdraw his appeal pursuant to a second settlement agreement with the Postal Service. The administrative judge found his request for cancellation of his appeal voluntary, and dismissed the appeal. He subsequently filed a petition for review to the full board, which was denied, and filed a timely petition for review in this court.

Our review is limited to setting aside any action that is "(1) arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

It is undisputed that Alley requested that the board dismiss his appeal pursuant to his second settlement agreement. On appeal, he does not assert that his request to dismiss was involuntary or otherwise invalid. He only argues that he was discriminated against and was trying to get needed help through the agency's Employee Assistance Program. Under 5 U.S.C. § 7703(b)(1), we are without jurisdiction to review the merits of board decisions concerning discrimination. He has offered no other arguments as to why this court should reverse the board's dismissal, which he requested. Furthermore, he agrees that the board did not apply the wrong law. Accordingly the board's decision was not arbitrary, capricious, or an abuse of discretion.